### NICHOLS *v.* NICHOLS.

1. LANDLORD AND TENANT—ACCOUNTING—FARM LEASE—FINDING OF TRIAL JUDGE.

   In suit by adult son and his mother against father from whom mother had been divorced for an accounting incident to a farm lease, finding of trial judge that none of the parties had satisfactorily established a right to an accounting *held,* correct insofar as finding concerns a general accounting of items of receipts and disbursements incident to the operation of the farm.

2. SAME—ACQUIESCENCE IN BREACH OF LEASE.

   In suit for accounting, brought by son and his mother against divorced father, that account of son who had operated farm as lessee for seven years was not what it should have been in every respect, that he did not devote all of his time to the farm work, or that he failed to make disbursements by checks as required of him by the lease were not grounds for assertion by defendant and his second wife for denying plaintiffs any accounting to which they might have established a right by testimony produced where each of such circumstances was known to all parties concerned throughout the whole leasehold period.

3. SAME—CASH ITEMS—EVIDENCE.

   In suit for accounting under farm lease requiring adult son to keep books relative to farm operations, evidence as to cash receipts and disbursements *held,* insufficient to justify right of such son and his mother to require divorced father to account to them for alleged advancements.

4. SAME—TANGIBLE PERSONAL PROPERTY—REMAND FOR ADDITIONAL EVIDENCE.

   In suit for accounting under farm lease, evidence *held,* sufficient to show a substantial gain in tangible personal property upon the land to which plaintiff lessee and his mother, divorced from defendant father, were entitled to share under terms of lease, but too obscure and uncertain to make possible a determination by the Supreme Court; hence case is remanded for taking of such additional testimony relative thereto as trial court may deem proper under terms of lease and any other

Acceptance of further performance as waiver of breach, see 1 Restatement, Contracts, § 309.

facts or circumstances that may be disclosed and be determinative of the rights of the respective parties.

5. COSTS—ACCOUNTING—APPEAL.

No costs on appeal in Supreme Court are awarded either party in suit for accounting under farm lease where neither plaintiffs nor defendants have fully established their respective contentions on appeal.

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 8, 1942. (Docket No. 56, Calendar No. 41,637.) Decided March 17, 1942.

Bill by Herbert Nichols and Jessie Nichols against George C. Nichols and wife for an accounting. Decree denying accounting. Plaintiffs appeal. Decree vacated and cause remanded for further proceedings.

*Williams, Stiles & Tubbs* and *Francis L. Williams,* for plaintiffs.

*John M. Dunham,* for defendants.

NORTH, J. Plaintiffs by their bill of complaint primarily sought an accounting incident to a farm lease. Defendants answered and asserted a somewhat indefinite claim for affirmative relief. After full hearing in the circuit court a decree was entered denying without costs relief to any of the parties insofar as accounting under the lease was sought. Plaintiffs have appealed.

The factual background in general may be stated as follows: In 1928 plaintiff Jessie Nichols obtained a decree of divorce from defendant George Nichols, who subsequently married defendant Winifred Nichols. Plaintiff Herbert Nichols is an adult son of George and Jessie Nichols. At the time Jessie Nichols was decreed a divorce George was in at least fairly good financial condition; but by 1932 he

was in somewhat serious financial difficulty, and was unable to comply with the decretal provision as to payments of alimony to his former wife. Pending an application for modification of the decree, the parties in March, 1933, entered into a property settlement. A certain phase of this settlement gave rise to a controversy which was finally adjudicated in this Court. See *Nichols* v. *Nichols,* 298 Mich. 603. Incident to the 1933 property settlement, a three-party lease of two farm properties was consummated. Defendants George Nichols and his wife Winifred, designated in the lease as parties of the first part, possessed a life estate with right of survivorship between the two in one-half of the leased property. Plaintiff Jessie Nichols, designated in the lease as party of the second part, possessed a life estate in the remaining half of the leased property. Plaintiff Herbert Nichols designated in the lease as party of the third part, became the farm tenant under the lease. While the lease was dated March 10, 1933, it was given retroactive effect to October 15, 1932. The first term ran to March 1, 1934, but the lease provided for automatic annual renewals, with the provision:

"That it shall be cancelled by either parties of the first part, party of the second part or party of the third part giving notice of cancellation to the other parties hereto 90 days prior to March 1, 1934, or 90 days prior to March 1st of any successive year."

In general the lease provided that each of the three contracting parties should have one third of the net income from the leased farms; that Herbert Nichols was to operate the farms as a dairy farm and from the proceeds was to pay certain items for the lessors before dividing the net income. Out of the receipts he was to pay the cost of repairing

farm machinery, of replacing farm machinery, interest on the mortgage to which a portion of the leased property was subject, to pay the taxes, and the purchase price of necessary new equipment. It is not necessary at this point to note more detailed provisions as to which of the parties became the owner of acquired personal property or the exact adjustment between the three parties as to payments of interest and taxes, et cetera. The lease further provided, and these provisions are somewhat stressed by appellees, as follows:

"1. Party of the third part promises to work the said farm in accordance with good husbandry and promises to devote his full time to the operation of said farm. * * *

"2. Party of the third part promises to keep books of account necessary for the carrying out of the terms and conditions of this agreement and permit the parties of the first part and party of the second part to examine said books at least once each month.

"Party of the third part promises to make all disbursements under the terms of this lease by check when said disbursement amounts to $1 or any sum in excess thereof."

In the fall of 1939 and more than 90 days prior to the expiration of the annual term ending March 1, 1940, George Nichols served notice of termination of the lease as of the last-noted date. Shortly after service of this notice plaintiffs filed their bill of complaint for an accounting. As above noted, the trial court denied the relief sought.

Herbert Nichols continued to operate the farm properties for the balance of the annual term, and shortly thereafter a temporary receiver appointed in this suit took over the operation of the properties.

The account shown in this suit involves the rights of each of the three parties to the lease for a period of over 7 years, beginning with October 15, 1932. Because the lease so provided, whatever income accrued under the one-third interest of George Nichols and his present wife, Winifred, belongs to George Nichols personally. But the lease provided:

"[paragraph 5.] that all the livestock on said farm and all the equipment and farm machinery thereon at the present time is the sole property of said Winifred Nichols, and that the said property is to be returned to the said Winifred Nichols at the expiration of this agreement in as good condition as reasonable use and wear thereof will permit.

"6. It is mutually agreed by all the parties hereto that the cost of repair to the farm machinery mentioned in paragraph 5 shall be deducted from the total income of the produce of said farm in computing what is net income, and that also there shall be deducted the replacements of said farm machinery and equipment mentioned in paragraph 5, said machinery so purchased shall become the sole property of Winifred Nichols, but that other farm machinery and equipment purchased shall be owned jointly by the parties hereto (each one third)."

Appellants claim that George Nichols has had more than his share of the net income; and that under the record as made he should be decreed to account to plaintiff Herbert Nichols in the amount of $2,343.50, and to plaintiff Jessie Nichols in the amount of $517.13. Thus the total claimed by plaintiffs is $2,860.63. Of this amount a substantial portion is made up of a claim that the value of the personal property on the farm at the conclusion of the lease exceeded the value of like property at the beginning of the lease.

The trial judge filed a lengthy opinion wherein he set forth much detail of the record. He reached the conclusion that none of the parties had established a right to relief in the way of an accounting. While he made note of the failure of Herbert "to work the said farm in accordance with good husbandry" and his failure "to devote his full time to the operation of said farm," his failure to keep books of account properly and "to make his disbursements by check" for amounts in excess of $1, nonetheless the real ground of decision was that from the record as a whole the trial judge concluded that none of the parties had satisfactorily established a right to an accounting as claimed. Insofar as this finding concerns a general accounting of items of receipts and disbursements incident to the operation of the farm we are satisfied that the conclusion of the trial judge was correct.

In reaching this conclusion we are persuaded that it is not of much importance that Herbert's account was not what it should have been in every respect or that he did not devote all of his time to the farm work or that he failed to make disbursements by checks. Each of these circumstances was known to all parties concerned throughout the whole leasehold period of over seven years; and it is now too late, after acquiescing in the numerous annual renewals of the lease, for defendants to assert them as a ground for denying to plaintiffs any accounting to which they might have established a right by the testimony produced.

Notwithstanding the account kept by Herbert on its face appears to be regular, we feel that it is lacking in probative force. The accuracy of the items must be adjudged in the light of the fact that all the entries were made by Herbert or under his

direction by his wife who had no knowledge of the truth of the entries she made. The trial judge stated in his findings that he was not "impressed as to their correctness." If Herbert's account is correct these strange circumstances appear. Notwithstanding Herbert was seemingly a man of limited financial means, his account would show he was continually advancing money to his father in excess of the father's share, or stated otherwise, the father was allowed to draw money substantially in excess of the amounts to which he was entitled. This contention is subjected to grave doubt by reason of the fact that during all the leasehold period there was extreme ill-will existing between Herbert and his father. Further, as noted by the circuit judge, under Herbert's figures during the continuance of the lease he and his family had in cash from the proceeds of the farm for their support only approximately $190 per year; and Herbert now claims that during that time there has accrued $2,343.50 for which his father should account to him. These and other circumstances disclosed by the record justified the circuit judge in discrediting the book account as kept by Herbert. Aside from the book account the testimony is in hopeless conflict as to very many of the items involved. This leaves an unsolvable situation as to whether Herbert or his father received items of income from the farm, and as to which of the two paid for items purchased or in discharge of obligations incurred in the farm operations. Insofar as plaintiffs assert a right to an accounting for cash receipts or disbursements they have not proven their case and were properly denied relief.

But in awarding all the property on the farms (except three pigs) at the expiration of the lease

to the defendants, we are of the opinion the circuit judge failed to do equity or to respect the legal rights of plaintiffs. At the expiration of the lease the amount or value of the stock and farm equipment on ·the premises was much in excess of like property at the inception of the lease. As above noted, the lease recites that the livestock, equipment and farm machinery on the premises at the inception of the lease belonged to Winifred Nichols; and except as to use and reasonable wear was to be returned to her at the expiration of the lease. Also in paragraph 6 of the lease it was provided that repaired machinery or replacements of machinery should "become the sole property of Winifred Nichols." Obviously certain of the personal property items on hand at the termination of the lease are the individual property of Winifred Nichols. But in addition to such property there was at the termination of the lease a substantial amount of other personal property which had been accumulated as the result of the farm operations. As to such property appellants in their reasons assigned in support of their appeal say: "that the increase of animals and new additions to personal property were where the profits of the farm would be invested, which increase in animals and in personal property represented the gains in operation of the farm." This assertion is sound, and as to such tangible personal property in possession at the termination of the lease an accounting should be decreed. The record before us is too obscure and uncertain to make possible a determination in this Court of this phase of the controversy. The case must be remanded to the circuit court with power to take additional testimony if deemed necessary or advisable, and an accounting as to this tangible

personal property between the parties should be decreed in such manner as to the trial court may be deemed proper under the terms of the lease and any other facts or circumstances that may be disclosed and be determinative of the rights of the respective parties.

Plaintiff Jessie Nichols was not a witness in this case, and her right to an accounting as against the defendants is governed by substantially the same testimony as controls the alleged right of her son Herbert.    There is no controversy between these two.    Plaintiff Jessie Nichols, under this record, is entitled to an accounting as to the tangible personal property to the extent above indicated, but to that extent only.

The decree entered in the circuit court will be vacated, and one entered in this court in accordance herewith and remanding the case to the trial court for further proceedings. Neither plaintiffs nor defendants have fully established their respective contentions on this appeal, and therefore no costs will be awarded in this court.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.  WIEST, J., did not sit.